[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 12, 2005
THOMAS K. KAHN
CLERK

No. 05-10332
Non-Argument Calendar

_____

D. C. Docket No. 04-00280-CV-T-30-MAP

ALBERT H. BAILEY,

Plaintiff-Appellant,

versus

CITY OF PINELLAS PARK,

Defendant,

CITY OF ST. PETERSBURG,
MICHAEL KRAUJALIS, individually,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 12, 2005)

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

This action arises out of the City of St. Petersburg's (the "City") attempts to demolish Appellant Albert Bailey's residence pursuant to the City's finding that the structure was unfit and/or unsafe. Bailey alleged that the actions of the City and Building Demolition Coordinator Michael Kraujalis, in his individual capacity, (collectively, "Appellees") violated Bailey's Fourteenth Amendment due process rights as secured by 42 U.S.C. § 1983. The district court granted Appellees' motion for summary judgment after denying Bailey's motion to file a third amended complaint. Based on our review of the record, we affirm.

## I. Background and Procedural History

On May 31, 2002, the City issued a Notice of Condemnation and Order to Demolish a detached garage at Bailey's residence. Bailey timely requested an appeal hearing, which was conducted by Hearing Officer David J. Sockol on July 10, 2002. The hearing was resumed on January 8, 2003 and continued on February 12, 2003 as a result of the City's intervening Notice of Condemnation and Order to Demolish Bailey's residence, attached garages and metal fence.[1]

During the hearings, the City presented testimony and evidence from four

---

[1] This intervening notice was sent to Bailey via certified and first class mail on August 8, 2002. In response to the notice, Bailey timely requested an additional appeal hearing.

witnesses: Building Demolition Coordinator Michael Kraujalis, Registered Professional Engineer Rita Oglesby, City Building Official Milton Massanet, and Codes Compliance Assistance Department Director Sally Eichler. Bailey, who represented himself during the July 10 hearing but was represented by counsel during subsequent hearings, testified and presented evidence in his own behalf, including the testimony of a licensed engineer.

Prior to the final hearing, Bailey was given the option of entering into a stipulation agreement with the City to rehabilitate his residence to avoid demolition. In conjunction with this offer, Bailey received a list of the City's requirements and conditions for entering into a stipulation agreement.

On November 20, 2003, Hearing Officer Sockol issued his Findings of Fact, Conclusions of Law, and Final Order Conditionally Approving Demolition. Sockol upheld City findings that Bailey's residence was unfit and/or unsafe. He further noted that Bailey had failed to provide the City with certain documentation necessary to enter into a valid stipulation agreement. Sockol thus conditionally approved the demolition order, subject to Bailey having forty-five days to either enter a valid stipulation agreement with the City or have the residence demolished by a private contractor under proper building permits. Finally, Sockol's order advised that "[a]ny party aggrieved by this decision has thirty (30) days from the

3

date of this order in which to seek judicial review in the Circuit Court of the Sixth Judicial Circuit."

Bailey's counsel filed a notice of appeal with the Sixth Judicial Circuit on December 19, 2003. Because the notice of appeal sought procedurally improper relief, the court dismissed it without prejudice on December 30, 2003.[2] Bailey was given thirty days to file a valid petition for a writ of certiorari. At the time of this appeal, he had yet to do so.

Bailey filed the present action on February 17, 2004. He argued that the City violated his due process rights, and he asked the district court to enjoin demolition of his house and award him attorney's fees and monetary damages. After filing two amended complaints, Bailey was denied leave to file a third. The district court then granted Appellees' motion for summary judgment as to Bailey's second amended complaint. On appeal, Bailey argues that the district court erred in granting Appellees' motion for summary judgment and in denying him leave to file a third amended complaint.

## II. Standard of Review

This court reviews a district court's grant of summary judgment *de novo*.

---

[2]     The court noted that the proper procedure for seeking relief from a final decision rendered by the City was by filing a petition for a writ of certiorari.

*Nolen v. Boca Raton Cmty. Hosp., Inc.*, 373 F.3d 1151, 1154 (11th Cir. 2004). A district court's decision to grant or deny leave to amend is generally reviewed for abuse of discretion. *Burger King Corp. v. C.R. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999). However, to the extent the denial of leave to amend is based on futility, we review the trial court's decision *de novo*. *Id.*

### III. Discussion

A. <u>Substantive Due Process</u>

Bailey first argues that the City's condemnation of his residence violated his substantive due process rights. As the district court correctly noted, the substantive component of the Due Process Clause protects only "fundamental" rights. *McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (citing *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S. Ct. 149, 152 (1937)). Fundamental rights "are protected against certain government actions regardless of the fairness of the procedures used to implement them." *McKinney*, 20 F.3d at 1556 (internal quotation omitted). In contrast, "areas in which substantive rights are created only by state law . . . are not subject to substantive due process protection . . . because substantive due process rights are created only by the Constitution." *Id.* (internal quotation omitted). Such state law-based rights can be rescinded "so long as the elements of procedural – not substantive – due process are observed." *Id.*

5

Property interests like those that Bailey enjoys in his residence are created and defined by state law rather than the Constitution. *Greenbriar Village, L.L.C. v. Mountain Brook City*, 345 F.3d 1258, 1262 (11th Cir. 2003) (citing *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S. Ct. 2701, 2709 (1972)). They are not fundamental rights, and thus they are not entitled to substantive due process protection.[3] *See id.* at 1262-63 ("[N]on-legislative deprivations of state-created rights, which would include land-use rights, cannot support a substantive due process claim."); *see also Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229, 106 S. Ct. 507, 515 (1985) (Powell, J., concurring) ("While property interests are protected by procedural due process even though the interest is derived from state law rather than the Constitution . . . substantive due process rights are created only by the Constitution."). The district court correctly held that Appellees were entitled to summary judgment on Bailey's substantive due process claim.

B. Procedural Due Process

Bailey next argues that the City's condemnation of his residence violated his procedural due process rights. "Procedural due process requires notice and an

---

[3]　　In an effort to establish his entitlement to substantive due process protection in this case, Bailey argues on appeal that he has a constitutionally created, and thus, fundamental, liberty or privacy interest "in having a homestead to live in." Bailey cites, and this court's research has produced, no federal appellate cases supporting this argument, which we find to be wholly without merit. *Accord Lindsey v. Normet*, 405 U.S. 56, 73, 92 S. Ct. 862, 874 (1972) (holding that there is no constitutional guarantee of housing).

opportunity to be heard before any governmental deprivation of a property interest." *Zipperer v. City of Fort Myers*, 41 F.3d 619, 623 (11th Cir. 1995) (citations omitted). In order to determine whether a procedural due process violation occurred in this case, we must determine (1) whether Bailey had a constitutionally protected property interest; (2) whether he was deprived of that interest; and (3) whether the City failed to use constitutionally sufficient procedures in effecting the deprivation. *Id.* The first two questions can easily be answered in the affirmative; Bailey's property interest in his residence is constitutionally protected, and the City seeks to deprive him of that interest. Our analysis thus focuses on the third prong of the procedural due process inquiry.

The Supreme Court has often noted that due process is a flexible concept that varies depending on the facts of a particular case. *See*, *e.g.*, *Zinermon v. Burch*, 494 U.S. 113, 127, 110 S. Ct. 975, 984 (1990). However, it is widely accepted that due process requirements are satisfied in the eviction/condemnation context when the occupant receives adequate notice and a hearing. *See*, *e.g.*, *Grayden v. Rhodes*, 345 F.3d 1225, 1236 (11th Cir. 2003) ("As a general rule, an eviction must be preceded by notice and an opportunity to be heard."); *Thomas v. Cohen*, 304 F.3d 563, 576 (6th Cir. 2002) ("Due process generally requires notice and a hearing prior to eviction."). In this case, the City provided Bailey with two

notices of condemnation.  Bailey received these notices and filed timely appeals,

and Hearing Officer Sockol conducted three separate hearings over the course of

several months.  Bailey was represented by counsel during two of those hearings,

and he was allowed to present evidence and testify on his own behalf.  Bailey was

also notified of his right to appeal Hearing Officer's Sockol's decision after it was

issued, a right which he declined to exercise.[4]  Given these facts, we have no

difficulty concluding that the City's procedures were sufficient to constitute due

process.  The district court correctly granted Appellees' motion for summary

judgment on this claim as well.

## C. <u>Leave to Amend</u>

Bailey's final argument is that the district court erred in denying him leave

to file a third amended complaint.  While the district court's opinion does not

discuss the decision to deny Bailey leave to file a third amended complaint, our

review of the transcript indicates that the denial was likely based on the court's

conclusion that further amendments would be futile.  We thus review the court's

---

[4]  In addition to providing notice, three hearings, and notice of the right to appeal, the City also provided Bailey with the opportunity to enter into a stipulation agreement to rehabilitate the residence and avoid demolition.  In fact, most of Bailey's arguments on appeal focus on the conditions that the City attached to the stipulation agreement.  We agree with the district court that Bailey's displeasure with these conditions, of which he was aware prior to Hearing Officer Sockol's final judgment, do not indicate a lack of due process.  We further agree with the district court that Bailey's proper avenue for raising his concerns with the terms of the stipulation agreement was to appeal within the state court system rather than to file the present federal action.

denial of Bailey's request *de novo*, bearing in mind that such requests should be liberally granted when necessary in the interest of justice. *Burger King*, 169 F.3d at 1315, 1319.

Having reviewed the record, we cannot conclude that the district court erred in denying Bailey's request to file a third amended complaint. The purposes of Bailey's requested amendment were to add an additional city official as a party and to make allegations regarding the City's alleged efforts to prevent Bailey from entering into a stipulation agreement. None of these accusations have any bearing on the question of whether the City violated Bailey's constitutional due process rights to notice and a hearing. Because Bailey suffered no constitutional deprivation, no amendment to his complaint could have enabled him to avoid summary judgment. Thus, the district court correctly concluded that allowing Bailey to file another amended complaint would be futile.

## IV. Conclusion

Because it correctly concluded that Bailey has not suffered the deprivation of any constitutional right, the district court properly granted the City's motion for summary judgment and denied Bailey's request to file a third amended complaint. Its opinion is therefore AFFIRMED.